OPINION
Defendant-appellant Mary Jane Keane appeals her conviction and sentence entered by the Canton Municipal Court on one count of operating a motor vehicle without a driver's license, in violation of R.C. 4501.02(A)(1), and one count of display of expired license plates, in violation of R.C. 4503.21. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At approximately 9:00 a.m. on April 15, 1999, Sgt. Jack Coontz of the Uniontown Police Department was on routine patrol when he noticed the tags on the rear license plate on the vehicle in front of him were expired. Sgt. Coontz ran the license plate through the computer and learned the plates had expired in February, 1999. Thereafter, the officer initiated a traffic stop. When Sgt. Coontz asked the driver for her driver's license and the vehicle registration, the driver, who was later identified as appellant, stated she did not have a driver's license and the title to the vehicle was "tied up in Georgia." Sgt. Coontz ran appellant's name through the computer and learned her driver's license was under indefinite suspension. After receiving this information, the officer placed appellant in the back seat of his cruiser and issued her a citation for the expired tags and no operator's license. Pursuant to the citation, appellant appeared in the Canton Municipal Court for her arraignment on April 22, 1999. Appellant entered a plea of not guilty to the charges. The trial court scheduled a bench trial for May 25, 1999. On the morning of trial, appellant filed a Motion to Suppress Evidence. Appellant presented the trial court with a copy of the motion prior to the commencement of trial. The State, which did not receive a copy of the motion, objected on the ground of timeliness. The trial court agreed and overruled the motion. At the conclusion of the trial, the trial court found appellant guilty of both offenses and proceeded to sentencing. The trial court sentenced appellant to 180 days in the Stark County Jail on the no operator's license charge, but suspended the jail time on the condition appellant complete fifty hours of community service. The trial court also imposed a fine of $100.00, plus court costs. On the expired plates charge, the trial court ordered appellant to pay court costs. The trial court memorialized the convictions and sentences via Judgment Entry filed May 25, 1999. It is from these convictions and sentences appellant prosecutes this appeal, raising the following assignments of error:
 I. WHETHER THE COURT ERRED IN FINDING DEFENDANT GUILTY OF O.R.C. 4503.21.
 II. WHETHER THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.
 I
In her first assignment of error, appellant maintains the trial court erred in finding her guilty of R.C. 4503.21. Specifically, appellant contends R.C. 4503.21, read in its entirety, merely "explain[s] the correct placement of registration stickers on plates and where to place them on cars, motor cycles [sic], trailers, etc. The statute is not intended to charge the offense of `expired plates'." Brief of Appellant at 9. R.C. 4503.21
provides, in pertinent part:
 No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark, including any county identification sticker and any validation sticker issued under sections 4503.19 and 4503.19.1 [4503.19.1] of the Revised Code, * * *
(Emphasis added).
Appellant submits the word "any," as used in the aforementioned statute is equivalent to "every" or "all". Brief of Appellant 11. Appellant asserts because the statutory language does not include an adjective describing the validation sticker required, she was in compliance with the statute as the vehicle in which she was driving displayed a license plate, county sticker, and validation sticker — albeit, an expired one. Appellant has overlooked the "issued under sections 4503.19 and 4503.19.1 * * * of the Revised Code" language following the clause "any validation sticker." R.C.4503.19 reads, in part:
 Upon the filing of an application for registration and the payment of the tax for registration, the registrar of motor vehicles or a deputy registrar shall determine whether the owner previously has been issued license plates for the motor vehicle described in the application. If no license plates previously have been issued to the owner for that motor vehicle, the registrar or deputy registrar shall assign to the motor vehicle a distinctive number and issue and deliver to the owner in the manner that the registrar may select a certificate of registration, in the form that the registrar shall prescribed, and, except as otherwise provided in this section, two license plates, duplicates of each other, and a validation sticker, or a validation sticker alone, to be attached to the number plates as provided in section 4503.19.1 [4903.19.1] of the Revised Code.
* * *
R.C. 4503.19.1 states, in part:
 (A) The identification license plate shall be issued for a multi-year period as determined by the director of public safety, and shall be accompanied by a validation sticker, to be attached to the license plate. The validation sticker shall indicate the expiration of the registration period to which the motor vehicle for which the license plate is issued is assigned, in accordance with rules adopted by the registrar. During each succeeding year of the multi-year period following the issuance of the plate and validation sticker, upon the filing of an application for registration and the payment of the tax therefor, a validation sticker alone shall be issued.
* * *
(Emphasis added).
We find the "any validation sticker" language in R.C. 4503.21, when read in conjunction with R.C. 4503.19 and R.C. 4503.19.1, reveals the Ohio Legislature's intent that the displayed validation sticker on a license plate be current, i.e., not expired. The validation sticker is an integral part of the license plate and makes the license plate, otherwise a simple piece of metal, valid for its intended purpose. The word "validation" implies that which is in effect. Once a validation sticker expires, the sticker loses its effect and is merely a sticker. Accordingly, we find R.C. 4503.21 mandates the display of a current validation sticker. We further find the evidence presented in the instant action establishes appellant was not in compliance with the statute, and the trial court did not err in finding appellant guilty of R.C. 4503.21. Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant argues the trial court erred in overruling her motion to suppress. Crim.R. 12(C) provides:
 (C) Motion date. All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.
A review of the record reveals appellant filed her motion to suppress on the morning of trial and served the State with a copy of the motion immediately prior to the commencement of trial. Appellant was arraigned on April 22, 1999, and the trial commenced on May 25, 1999. Pursuant to Crim.R. 12(C), appellant was required to file her motion to suppress on or before May 18, 1999. We find the trial court did not abuse its discretion in denying appellant's motion as untimely. Appellant's second assignment of error is overruled.
The convictions and sentences entered by the Canton Municipal Court are affirmed.
By: HOFFMAN, J. GWIN, P.J. and FARMER, J. concur.